UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ZEF BRULAJ,

                              Plaintiff,

           -against-

TURK HAVA YOLLARI ANONIM ORTAKLIGI
d/b/a TURKISH AIRLINES and
TURKISH AIRLINES, INC.,

                             Defendants.
---------------------------------------------------------------X

Civil Action No. 1:21-cv-1031

COMPLAINT &
JURY TRIAL DEMAND

Plaintiff, ZEF BRULAJ, by his attorneys, KREINDLER & KREINDLER LLP, as and for his Complaint against Defendants, TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC., alleges the following upon information and belief:

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331 insofar a federal question is presented pursuant to the Convention for Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 ("the Montreal Convention").

2. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. Sec. 1391 because Defendants maintain offices and transact business in the Eastern District of New York at John F. Kennedy International Airport (JFK).

3. Venue is further proper in the Eastern District of New York pursuant to 28 U.S.C. Sec. 1391 because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

4. Plaintiff ZEF BRULAJ currently resides in Cos Cob, Connecticut.

5. Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES is a foreign corporation authorized to do business in the State of New York, with its principal place of business located in Istanbul, Turkey.

6. Defendant TURKISH AIRLINES, INC., is a domestic corporation incorporated under the laws of the State of New York on June 23, 1988.

7. Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES operates as a common carrier engaged in the business of transporting passengers for hire by air.

8. Defendant TURKISH AIRLINES, INC. operates as a common carrier engaged in the business of transporting passengers for hire by air.

9. As part of its business transporting passengers for hire by air, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES operates regularly-scheduled commercial airline flights to and from John F. Kennedy International Airport in the Queens, New York.

10. As part of its business transporting passengers for hire by air, Defendant TURKISH AIRLINES, INC., operates regularly-scheduled commercial airline flights to and from John F. Kennedy International Airport in the Queens, New York.

11. On March 9, 2019, Defendants TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC. together operated and controlled a certain Boeing 777-300 jet aircraft ("the subject aircraft") designated as Turkish Airlines Flight TK1 from Ataturk Airport (ISL) in Istanbul, Turkey to John F. Kennedy International Airport (JFK) in Queens, New York ("the subject flight").

12. On March 9, 2019, Plaintiff ZEF BRULAJ was a fare-paying passenger lawfully aboard the subject aircraft and subject flight.

13. Plaintiff's travel pursuant to the contract of carriage which forms the basis for this cause of action originated and concluded in the State of New York.

14. On March 9, 2019, and for some time prior thereto, Defendants owned, serviced, maintained, repaired and/or operated the subject aircraft.

15. On or about March 9, 2019 the subject aircraft was equipped with an on-board weather radar system.

16. On or about March 9, 2019 the subject aircraft's on-board weather radar system was in good and proper working order.

17. On or about March 9, 2019, Defendants employed a flight crew on the subject flight which included a pilot in command and first officer.

18. Said flight crew were employees, agents and/or servants of Defendants.

19. Said flight crew were responsible for, inter alia, the safe and secure operation of the subject flight and the safety and well-being of the passengers aboard the subject aircraft.

20. Said flight crew were responsible for operating and monitoring the aforesaid on-board weather radar system during the subject flight.

21. Said flight crew were trained to operate and monitor the aforesaid on-board weather radar system.

22. Said flight crew were trained to operate and monitor the aforesaid on-board weather radar system in such a manner as to reduce the risk of the subject aircraft encountering weather systems that could cause weather-related turbulence.

23. Said flight crew also were responsible for monitoring warnings of potentially dangerous and disruptive weather systems and unstable air from other sources.

24. Such sources include, but were not limited to, on-air transmissions from other aircraft, air traffic control, weather services and/or airline operations services.

25. On March 9, 2019, approximately 40-45 minutes before landing in New York, the subject aircraft encountered severe turbulence.

26. Prior to the subject flight's encounter with severe turbulence, the U.S. National Oceanic and Atmospheric Administration's Aviation Weather Center warned commercial pilots of severe turbulence in or near the airspace over New England.

27. Despite receiving this warning, the subject flight crew negligently, carelessly and recklessly failed to adjust or change its flight path.

28. The subject flight crew also failed to warn passengers that turbulence was imminent, failed to instruct passengers to put on their seatbelts, and failed to turn on the fasten seatbelt sign.

29. The subject flight's encounter with severe turbulence caused numerous passengers aboard the subject flight, including Plaintiff ZEF BRULAJ, to be forcefully thrown from their seats and become injured.

30. The injuries suffered by Plaintiff ZEF BULAJ were the result of an accident as defined by Article 17 of the Montreal Convention because his injuries were caused by an unexpected or unusual event or occurrence external to him, and not from his own internal reaction to the normal operation of the aircraft.

31. As a result of the aforesaid accident, Plaintiff ZEF BRULAJ was seriously injured.

32. As a result of the aforesaid accident, Plaintiff ZEF BRULAJ was permanently injured.

33. As a result of the aforesaid accident, Plaintiff ZEF BRULAJ suffered severe pain, agony, and mental anguish and in the future will continue to suffer from same.

34. As a result of the aforesaid accident, Plaintiff ZEF BRULAJ suffered economic loss and in the future shall continue to suffer from same.

35. As a result of the aforesaid accident, Plaintiff ZEF BRULAJ was forced to expend significant sums of money on medical treatment and in the future shall continue to spend money on same.

36. As a result of the aforesaid accident, Plaintiff ZEF BRULAJ was deprived of his enjoyment of life, pursuits and interests and in the future will continue to be deprived of same.

37. As a result of the aforesaid accident, Defendants are liable to pay full, fair and reasonable damages to Plaintiff pursuant to the terms of the Montreal Convention.

38. Defendants cannot meet their burden of proving that their negligence did not cause or contribute to the aforesaid accident, and to Plaintiff's resultant injuries.

39. Defendants cannot meet their burden of proving that Plaintiff's injuries were caused solely by the acts of third parties.

WHEREFORE, Plaintiff ZEF BRULAJ demands judgment against Defendants, TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated:  New York, New York
February 25, 2021

                                              KREINDLER & KREINDLER LLP

                                              */s/ Erin R. Applebaum*
                                              _____
                                              Erin R. Applebaum
                                              750 Third Avenue, 32nd Floor
                                              New York, New York 10107
                                              (212) 973-3430
                                              *Attorneys for Plaintiff*